IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID MATEHUALA (07)<br>AKA PESCADO | Case No. 3-22-CR-0287-N |

# FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Four of the superseding indictment, charging a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, David Matehuala, the defendant, and his attorney, Suzy Vanegas, and the United States of America (the government) stipulate and agree to the following:

## I. ELEMENTS OF THE OFFENSE

In order to establish the guilt of the defendant for the offense of Possession with the Intent to Distribute a Controlled Substance, Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Four of the Superseding indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

*First*: That the defendant knowingly possessed a controlled substance;
*Second*: That the substance was in fact methamphetamine;
*Third*: That the defendant possessed the substance with the intent to distribute it; and,

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

*Fourth:*   That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Aiding and Abetting 18 U.S.C. § 2:

*First*:   That the offense of possession of a controlled substance with the intent to deliver was committed by some person;

*Second*:   That Defendant associated with the criminal venture;

*Third*:   That Defendant purposefully participated in the criminal venture; and,

*Fourth*:   That Defendant sought by action to make that venture successful.

## II. STIPULATED FACTS

David Matehuala admits and acknowledges that on or about July 5, 2022, in the Dallas Division of the Northern District of Texas and elsewhere, aided and abetted by others, that he knowingly possessed with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

On or about July 5, 2022, during an investigation by the Drug Enforcement Administration (DEA), the DEA intercepted phone calls of persons engaged in drug trafficking, including Matehuala, Antonio Talavera, Andrew Broder, and others. On that date, one of Talavera's source of supply delivered a kilogram of methamphetamine to Talavera. Talavera then directed Matehuala to deliver the kilogram of methamphetamine Broder. Talavera initially planned to charge Broder $3,300.00 for the kilogram, but Andrew claimed the kilogram was missing around 70 grams. Talavera told Andrew to just pay $3,000.00 and Andrew agreed. Talavera then advised Matehuala that Andy was only going to pay $3,000.00 for the kilogram because it was short. Talavera also

instructed Matehuala to tell the original source that Andrew only paid $2,800.00 for the kilogram, and Matehuala agreed to do so. Talavera and Matehuala also sold cocaine, heroin, and illicit pills.

Matehuala agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking charge as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Matehuala's guilty plea to Count Four as set forth in the superseding indictment.

AGREED AND STIPULATED on this 25 day of Sept, 2023.

_____
David Matehuala
Defendant

_____
John Kull
Assistant United States Attorney

_____
Suzy Vanegas
Attorney for Defendant

_____
Rick Calvert
Deputy Criminal Chief